**BLANK ROME LLP**
Attorneys for Defendant Cosco Shipping Co., Ltd.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel. (212) 885-5000
Fax. (212) 885-5001
Thomas H. Belknap, Jr. (TB-3188)
Matthew H. James (MJ-3286)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY         07-3539 (KMK)
as subrogee of NOVA PETROLEUM
SPECIALTIES COMPANY,

                Plaintiff,

    -against-                                                    **ANSWER TO COMPLAINT**

M/V "YUAN JIANG", her engines, boilers, etc.
and COSCO SHIPPING CO., LTD.

                Defendants.
---------------------------------------------------------------X

      Defendant COSCO SHIPPING CO., LTD., by its attorneys, Blank Rome LLP, answers plaintiff's complaint as follows:

      1.    Admits this claim is within the Court's admiralty and maritime jurisdiction, but except as admitted, denies the allegations in the first paragraph of the complaint.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph of the complaint.

      3.    Denies the allegations of the third paragraph of the complaint.

      4.    Admits being the owner of the *in rem* defendant M/V "YUAN JIANG" and being engaged in the business of common carriage of merchandise by water for hire, but except as admitted, denies the allegations of the fourth paragraph of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth paragraph of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth paragraph of the complaint.

7. Admits cargo was carried aboard the *in rem* defendant M/V "YUAN JIANG" from Dalian, China, to Puerto Quetzal, Guatemala, on or about the dates set forth in the schedule attached to the complaint, but except as admitted, denies the allegations of the seventh paragraph of the complaint.

8. Admits the subject shipments from Dalian, China, to Puerto Quetzal, Guatemala, were delivered for transport aboard the *in rem* defendant M/V "YUAN JIANG" in consideration of payment of certain freight charges, but except as admitted, denies the allegations of the eighth paragraph of the complaint.

9. Denies the allegations of the ninth paragraph of the complaint.

10. Denies the allegations of the tenth paragraph of the complaint.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

The court lacks personal jurisdiction over defendant.

## THIRD AFFIRMATIVE DEFENSE

This is an inconvenient forum for trial and this action should be dismissed pursuant to the doctrine of *forum non conveniens*.

## FOURTH AFFIRMATIVE DEFENSE

Venue is improper in this district.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not the real party in interest and lacks standing to bring this claim.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is entitled to any and all defenses contained in the United States Carriage of Goods by Sea Act § 4(5), Ch. 229, 49 Stat. 1207 (1936), *reprinted in* note following 46 U.S.C. § 30701, and/or any other applicable statute and/or convention and/or the applicable bill of lading and/or contract of carriage, including but not limited to the right to limit liability to $500 per package or customary freight unit.

**SEVENTH AFFIRMATIVE DEFENSE**

Service of process in this matter has not been properly effected on defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent the dispute between plaintiff and defendant is subject to an arbitration agreement, defendant reserves its rights to move to stay or dismiss this matter pending arbitration.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its damages.

**TENTH AFFIRMATIVE DEFENSE**

If any loss or damage occurred to plaintiff's cargo, which is denied, such loss or damage was caused by the pre-existing condition or inherent defects of the goods and/or the actions of others, including the shipper, for whose actions defendant is not responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is time barred and/or barred by the doctrine of laches.

3

## TWELFTH AFFIRMATIVE DEFENSE

This is an improper forum as the terms and conditions of the applicable bills of lading require all disputes to be referred to the Courts of the People's Republic of China.

## THIRTEENTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to the cargo, which is denied, such loss or damage did not occur while the cargo was in the custody or control of defendant and/or other third parties over whom defendant exercised control or for whom defendant is either responsible or liable.

## FOURTEENTH AFFIRMATIVE DEFENSE

If any loss or damage occurred to the cargo, which is denied, such loss or damage was caused by the defective packing of the cargo that was performed by plaintiff and/or other third parties over whom defendant exercised no control and for whom defendant is neither responsible nor liable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has waived any rights it may have had to recover for any loss or damage, which is denied, of the shipment sued upon.

WHEREFORE, defendant Cosco Shipping Co., Ltd. prays that the Court:

(a)   dismiss the complaint herein against it, together with an award of attorneys' fees, costs and disbursements in this action; and

(b)   grant such other and further relief as may be just or equitable.

Dated: New York, New York
       May 25, 2007

BLANK ROME LLP
Attorneys for Defendant Cosco Shipping Co., Ltd.

By:   s/Thomas H. Belknap, Jr.
      Thomas H. Belknap, Jr. (TB-3188)
      Matthew H. James (MJ-3286)
      405 Lexington Ave
      New York, NY  10174

4

900200.00001/6545981v.1